UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VENUS ET FLEUR, LLC,

                                 Plaintiff,

-against-

AFFORDABLE LUXURY NY, INC. d/b/a
PRÊT-À-FLEUR,

                                 Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/10/2018
```

18 Civ. 9155 (AT)

**ORDER TO SHOW CAUSE**

ANALISA TORRES, District Judge:

      Plaintiff Venus Et Fleur, LLC brings this action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, against Defendant for trademark infringement of its trademark Eternity®. Compl., ECF No. 1. Plaintiff invokes the Court's subject matter jurisdiction pursuant to 15 U.S.C. § 1121. *Id.* ¶ 3. Plaintiff argues that venue is "proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as . . . a substantial part of the events giving rise to the claim occurred in the Southern District of New York." *Id.* ¶ 4.

      For the purposes of venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

      As far as the Court is aware, Defendant is neither incorporated nor headquartered in the Southern District of New York. *See* Compl. ¶ 2 (noting that Defendant's principal place of business is at 926 Bellmore Avenue, North Bellmore, New York, 11710). Thus, Plaintiff has not

demonstrated that venue is proper in this district under § 1391(b)(1). Additionally, Plaintiff does not allege that the events giving rise to this action occurred in this district, alleging only that Defendant "sell[s] flowers, floral bouquets, and floral arrangements under the mark ETERNAL ROSES," *id.* ¶ 15, and Defendant's principal place of business is in North Bellmore, Nassau County, *id.* ¶ 2, indicating that venue is not proper in this district under § 1391(b)(2). For these reasons, and "in the interest of justice," the Court is inclined to transfer this case under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York, where the cause of action accrued. *See* 28 U.S.C. § 112 ("The Eastern District comprises the counties of . . . Nassau . . . .").

The Court hereby ORDERS Plaintiff to show cause in writing, by **October 24, 2018**, why this action should not be transferred. If Plaintiff fails to respond within the time allowed, or fails to show that venue is proper in the Southern District of New York and that the action should not be transferred in the interest of justice, the Court shall transfer this case to the United States District Court for the Eastern District of New York.

SO ORDERED.

Dated: October 10, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge