Ari Goldberger, Esq.
Jason Schaeffer, Esq.
**ESQwire.com P.C.**
1908 Route 70 East
Cherry Hill, NJ 08003
 (P) 856.874.9651
(F) 856.874.9182
ari@esqwire.com
jason@esqwire.com

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENUS ET FLEUR, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>AFFORDABLE LUXURY NY, INC. d/b/a PRET-A-FLEUR<br><br>                    Defendant. | Case No. 1:18-cv-09155-AT<br><br>**ANSWER** |

Defendant Affordable Luxury NY, Inc. d/b/a Pret-a-Fleur (Defendant"), by and through its counsel ESQWire.com P.C. hereby answer the Complaint ("Complaint") of Venus Et Fleur LLC (the "Venus").

### **PARTIES**

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Affordable Luxury NY, Inc. is a New York corporation.

## JURISDICTION AND VENUE

3. Deny the allegations set forth in Paragraph 3 of the Complaint, except admit that the Court has subject matter jurisdiction over the federal claim made in the Complaint.

4. Deny the allegations set forth in Paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, except deny so much of the allegations set forth in Paragraph 10 of the Complaint as is inconsistent with the referenced documents, and respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, except deny so much of the allegations set forth in Paragraph 11 of the Complaint as is inconsistent with the referenced documents, and

respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. It is admitted that Affordable Luxury was formed in September, 2016.

15. Deny the allegations set forth in Paragraph 15 of the Complaint, except admit that Defendant sells flowers, floral bouquets and/or floral arrangements.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Deny so much of the allegations set forth in Paragraph 26 of the Complaint as is inconsistent with the referenced correspondence, and respectfully refer the Court to the referenced correspondences for a full and accurate statement of its contents.

27. Admitted.

28. Denied.

## FIRST COUNT
## (15 U.S.C. § 1114(1))

29. Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

30. Paragraph 30 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the averments are denied.

31. Deny the allegations set forth in Paragraph 31 of the Complaint.

32. Deny the allegations set forth in Paragraph 32 of the Complaint.

33. Deny the allegations set forth in Paragraph 33 of the Complaint.

34. Deny the allegations set forth in Paragraph 34 of the Complaint.

35. Deny the allegations set forth in Paragraph 35 of the Complaint.

## SECOND COUNT
## (15 U.S.C. § 1125(a))

36. Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

37. Deny the allegations set forth in Paragraph 37 of the Complaint.

38. Deny the allegations set forth in Paragraph 38 of the Complaint.

39. Deny the allegations set forth in Paragraph 39 of the Complaint.

40. Deny the allegations set forth in Paragraph 40 of the Complaint.

41. Deny the allegations set forth in Paragraph 41 of the Complaint.

42. Deny the allegations set forth in Paragraph 42 of the Complaint.

43. Deny the allegations set forth in Paragraph 43 of the Complaint.

## THIRD COUNT
## (Common Law Trademark Infringement)

44. Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46. Deny the allegations set forth in Paragraph 46 of the Complaint.

47. Deny the allegations set forth in Paragraph 47 of the Complaint.

48. Deny the allegations set forth in Paragraph 48 of the Complaint.

49. Deny the allegations set forth in Paragraph 49 of the Complaint.

50. Deny the allegations set forth in Paragraph 50 of the Complaint.

51. Deny the allegations set forth in Paragraph 51 of the Complaint.

52. Deny the allegations set forth in Paragraph 52 of the Complaint.

53. Deny the allegations set forth in Paragraph 53 of the Complaint.

54. Deny the allegations set forth in Paragraph 54 of the Complaint.

55. Deny the allegations set forth in Paragraph 55 of the Complaint.

56. Deny the allegations set forth in Paragraph 56 of the Complaint.

## FOURTH COUNT
### (N.Y. GBL § 349)

57. Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

58. Deny the allegations set forth in Paragraph 58 of the Complaint as to Defendants' alleged use, deny so much of the allegations set forth in Paragraph 58 of the Complaint as is inconsistent with the referenced statute, and respectfully refer the Court to the referenced statute for a full and accurate statement of its contents.

59. Deny the allegations set forth in Paragraph 59 of the Complaint.

60. Deny the allegations set forth in Paragraph 60 of the Complaint.

## FIFTH COUNT
**(Common Law Unfair Competition)**

61. Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

62. Deny the allegations set forth in Paragraph 62 of the Complaint.

63. Deny the allegations set forth in Paragraph 63 of the Complaint.

64. Deny the allegations set forth in Paragraph 64 of the Complaint.

65. Deny the allegations set forth in Paragraph 65 of the Complaint.

## SIXTH COUNT
**(15 U.S.C. § 1125(d))**

66. Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

67. Paragraph 67 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary the averments are denied.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint.

69. Deny the allegations set forth in Paragraph 69 of the Complaint.

70. Admit the allegations set forth in Paragraph 70 of the Complaint.

71. Deny the allegations set forth in Paragraph 71 of the Complaint.

72. Deny the allegations set forth in Paragraph 72 of the Complaint.

73. Deny the allegations set forth in Paragraph 73 of the Complaint.

## SEVENTH COUNT
**(Unjust Enrichment)**

74. Restate and incorporate by reference the responses contained in all preceding

paragraphs as if set forth here in full.

75. Deny the allegations set forth in Paragraph 75 of the Complaint.

76. Deny the allegations set forth in Paragraph 76 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint is barred by laches.

3. Venus' claims are barred, in whole or in part, by their own trademark misuse.

4. Venus' claims are barred, in whole or in part, by the doctrine of unclean hands.

5. Venus' claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, release, consent, ratification, estoppel and excuse.

6. To the extent Venus has any common law rights in its trademarks, Venus has abandoned those rights by failing to police use of the same or similar designations.

7. Venus' claims are unenforceable because Defendants' alleged use has not resulted in a likelihood of confusion or any dilution of the Venus' trademarks.

8. Venus' claims are unenforceable because Defendants' did no engage in any bad faith.

9. Venus has not suffered any compensable damages as a result of Defendants' actions.

10. Venus' damages, if any, were not proximately caused by Defendants.

11. Venus' damages, if any, were caused in whole or in part by Venus' own acts, omissions, and/or negligent conduct.

12. To the extent that Venus suffered any damages, Venus failed to mitigate such damages.

13. Defendants raise each and every defense available to them under the applicable laws of the States of New York. Defendants reserve the right to amend the Answer to raise additional defenses.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing the Complaint, with prejudice, and awarding Defendants costs and such other relief as the Court may deem appropriate.

Dated: November 20, 2018

Respectfully Submitted:

ESQwire.com P.C.

By: */s/ Jason Schaeffer*
Ari Goldberger, Esq.
Jason Schaeffer, Esq.

**ESQwire.com P.C.**
1908 Route 70 East
Cherry Hill, NJ 08003
(P) 856.874.9651
(F) 856.874.9182
ari@esqwire.com
jason@esqwire.com

*Attorneys for Defendants*